UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRITICAL CARE DIAGNOSTICS, INC., dba CRITICAL CARE DIAGNOSTICS,<br><br>             Plaintiff,<br><br>v.<br><br>AMERICAN ASSOCIATION FOR CLINICAL CHEMISTRY, INC., *et al.*<br><br>             Defendants. | Case No. 13cv1308 L (WMC)<br><br>**ORDER GRANTING IN PART AACC'S MOTION FOR ATTORNEYS' FEES AND COSTS [doc. #70]** |

The American Association for Clinical Chemistry, Inc. ("AACC" or "publisher defendant") moved to strike plaintiff's entire complaint under the California anti-SLAPP statute, California Code of Civil Procedure § 425.16. Plaintiff's complaint included causes of action for libel per se, libel per quod, trade libel, and violation of California Business & Professions Code §17200, *et seq*. After full briefing, the Court granted AACC's special motion to strike all four counts and dismissed the complaint. AACC now moves for attorneys' fees and costs. The motion is considered without oral argument.

**1.     Legal Standard for Attorneys' Fees Under § 425.16**

The "prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." CAL. CIV. PROC. CODE § 425.16(c)(1). "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v.*

13cv1308

*Moses*, 24 Cal.4th 1122, 1131 (2001). "[A] court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case." *Id.* at 1131–32. To determine the reasonable number of hours billed, courts are to evaluate the time expended, the nature of and need for the services performed, and the relevant fee records. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).

An award of fees and costs in an anti-SLAPP case must be reasonable, and courts have broad discretion in determining what is reasonable. *See Metabolife Intern., Inc. v. Wornick*, 213 F. Supp.2d 1220, 1222 (S.D. Cal. 2002). The degree of success obtained is the most critical factor in determining a reasonable fee. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

**2.     Discussion**

Defendant seeks $97,510.84 in attorneys' fees and $181.16 in costs. In support of its request, defendant provides invoices, Exhibits 1 through 4, that were prepared and sent to the client in the normal course of business. Additional time sheets were attached to defendant's reply memorandum. [doc. #76]

**a.     Hours Billed**

Plaintiff argues that the Court should not award attorneys' fees for actions unrelated to the anti-SLAPP motion, including time expended prior to the filing of the anti-SLAPP motion. The anti-SLAPP statute is "intended to compensate a defendant for the expense of responding to a SLAPP suit. The provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 45 Cal. Rptr.3d 633, 637 (Ct. App. 2006) (citation omitted) (internal quotation marks omitted). Here, AACC incurred expenses in removing the action and answering the complaint in addition to moving to strike plaintiff's lawsuit.  After removal, defendant was able to successfully strike all four claims which resulted in dismissal of the action in its entirety. Thus defendant is entitled to attorneys' fees for activities occurring prior to the filing of the anti-SLAPP motion.

Further, "work that is inextricably intertwined with an anti-SLAPP motion is also

compensable." *Braden v. BH Financial Services, Inc.*, 2014 WL 892897, *5 (N.D. Cal. 2014) (citing *Graham–Sult v. Clainos*, 2012 WL 994754, at *4 (N.D. Cal. Mar. 23, 2012) (granting defendants' fee requests for work performed directly on anti-SLAPP motion, in addition to "inextricably intertwined" work on indemnity and case management issues), affirmed in part and vacated in part by *Graham–Sult v. Clainos*, 12–15892, 2013 WL 6820452 (9th Cir. Dec. 27, 2013) ("district court did not abuse its discretion by awarding fees for these activities").

AACC filed an Answer and a special motion to strike.[1] Although AACC limited its motion practice to the special motion to strike, plaintiff argues that based on the time sheets submitted, AACC's counsel charged 30 hours, totaling $11,030.00 in fees, for work solely related to researching personal jurisdiction and drafting an unfiled Rule 12(b)(2) motion. The unfiled motion to dismiss, according to plaintiff, is unrelated to the anti-SLAPP motion and therefore, AACC should not be compensated. However, AACC contends that research on the issue of personal jurisdiction was inextricably intertwined with the defense of the action.

In *Kearney v. Foley and Lardner*, 553 F. Supp.2d 1178 (S.D. Cal. 2008), defendants filed a motion to strike the pendant state law claims and a motion to dismiss federal claims.[2] Defendants argued that because "all of plaintiff's claims involve[d] a common core of facts and [were] based on related legal theories, all the fees in preparing the motion to strike and to dismiss should be recoverable because they were "in connection with" the motion to strike and were "necessary to prevail." *Id.* at 1183. The Court noted that defendants' motions to strike and to dismiss were based entirely on a common factual scenario, and some of plaintiff's challenged claims were based on the *Noerr-Pennington* doctrine or the related litigation privilege or both. But there were other claims including RICO, conspiracy to commit RICO violations, and 42 U.S.C. § 1983. In denying attorneys' fees for defendant's motion to dismiss the RICO claims

---

[1] The author defendants filed both a motion to dismiss for lack of jurisdiction and failure to state a claim, and a special motion to strike under Texas law. Defendant Nader Rifai, the Editor-in-Chief of the journal in which the article appeared, filed an answer and a special motion to strike.

[2] The anti-SLAPP statute may not be applied to matters involving federal questions. *See Globetrotter Software, Inc. v. Elan Computer Group. Inc.*, 63 F. Supp.2d 1127, 1130 (N.D. Cal.1999).

and the § 1983 claims, the Court reasoned mere common issues of fact are insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined. *Id.*

In the present case, the motion to dismiss for lack of personal jurisdiction neither overlaps nor is inextricably intertwined with the anti-SLAPP issues. Accordingly, the Court will not award attorneys' fees for time related to the issue of personal jurisdiction.

Plaintiff also argues that the legal research time expended on the anti-SLAPP motion, 38.8 hours, was excessive give counsel's experience with anti-SLAPP motions. Notwithstanding counsel's experience, the threshold issues, *i.e.*, whether statements found in a journal and on-line journal article occurred in a public forum or were matters of public concern, were somewhat complicated and unusual, and resulted in finding the common interest privilege applicable. Therefore, the expenditure of legal research time does not appear excessive or unreasonable.

In challenging an additional eight hours of attorneys' fees sought, plaintiff states that the "entries [are] unclear as to action" (Opp. at 2.) The billing entries are marked "3" which consists of confidential and privileged communications either between the attorneys and client, or with co-defense counsel that were covered by a joint confidential communications privilege. (Jacobson Decl., Exh. 1 at 7-8; Exh. 2 at 20.) The Court finds these hours reasonable.

Similarly, activities related to co-defendants and incurred after the anti-SLAPP motion was fully submitted were reasonably incurred and compensable as being inextricably intertwined with the anti-SLAPP motion.

Plaintiff also points to entries that were blacked out in whole or in part in the invoices defendant submitted. But defendant has not claimed any reimbursement for the 3.6 hours that plaintiff describes as "entry completely deleted.

Finally, plaintiff objects to fees involved in defendant correcting a filing error. Although defendant's initial filing of its motion to strike was stricken from the record on procedural grounds, [doc. #34] AACC filed an amended motion to strike. [doc. #37]. The $512.50 incurred in correcting procedural errors was not inextricably intertwined with the motion to strike and will not be compensated.

Having considered the nature of this action, defendant's motion and the experience of

defendant's attorneys, all hours of attorney time, less hours involved in the issue of personal jurisdiction and the correction of a procedural error, are reasonable to have been expended on the removal, answer, special motion to strike and request for attorneys' fees.

### b. Rate

To determine the reasonable hourly rate, courts are to look to the rates customarily charged for work of the type performed in the relevant legal community, the reputation and experience of the attorneys who performed the services, the quality of counsel's services on behalf of their client, the complexity of the work performed, and the results achieved. *Pennsylvania v. Delaware Valley Citizens Council*, 478 U.S. 546, 556–57 (1987).

Plaintiff has stated that it is not challenging the hourly rate charged by defendant's counsel. *See* Opp. at 4, n.2.

### c. Recovery for Attorneys' Fees Motion

Defendants are entitled to recover the fees and costs incurred in bringing instant fee motion. *See Ketchum*, 24 Cal.4th at 1141 ("an award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16"). The Court finds the amount sought for all hours incurred in seeking attorneys fees to be reasonable in this instance.

### d. Conclusion

Because defendant was completely successful in obtaining dismissal of the case, AACC is entitled to recover all fees and costs incurred in responding to plaintiff's complaint, less the time spent on the issue of personal jurisdiction, and correcting a procedural error associated with its motion to strike. Defendant sought $97,510.84 but that amount will be reduced by $11,030.00 and $512.50.

/ / /
/ / /
/ / /
/ / /
/ / /

Based on the foregoing, AACC motion for attorneys' fees and costs is **GRANTED IN PART AND DENIED IN PART**. AACC is entitled to attorneys' fees in the amount of $85,968.34 and costs in the amount of $181.16.

**IT IS SO ORDERED.**

DATED: June 19, 2014

M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL